[Civ. No. 9249.   Second Appellate District, Division Two.—January 30, 1934.]

WILLIAM T. CLARKE, as Executor, etc., Appellant, v. FRANK BRYSON, Public Administrator, etc., Respondent.

Pace, Smith & Purdue and Troy Pace for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, J.—Husband and wife having died at approximately the same time, a controversy as to disposition of insurance moneys was determined in favor of the estate of the latter, from which judgment an appeal was perfected, the sole question involving the sufficiency of the evidence.

It appeared that both of the spouses were discovered in their home, each having expired as a result of gunshot wounds. The autopsy surgeon testified that Edwin H. Clarke had received a bullet in the back of the head, and that Kendace H. Clarke, his wife, had been shot in the front and posterior parts of the head and had received wounds and lacerations by some other instrument. In each instance he attributed the cause of demise to gunshot wound, and swore that ''a person shot the way these people were would drop down on the floor and expire, but they would not have to do that immediately; . . . they might' breathe for a minute or so''. An officer who was first to arrive at the scene testified: ''I observed that Clarke's body was colder than that of Mrs. Kendace H. Clarke.''

Section 1963 of the Code of Civil Procedure provides that when two persons perish in the same calamity and there are no particular circumstances from which it can be inferred, survivorship is presumed from the probabilities resulting from strength, age and sex, and that if both be over fifteen and under sixty years of age and the sexes are different, the male is presumed to have survived. Such particular circumstances have been held to mean those from which a rational conclusion may be drawn as distinguished from probability. (*Estate of Wallace*, 64 Cal. App. 107 [220 Pac. 682].) It appears from appellant's brief that circumstances existed here to support the court's finding that the wife survived the husband. We need only mention one of them. Officer Condaffer, referring to the time when he found the bodies, testified: ''Clarke's body was colder than that of Mrs. Kendace H. Clarke''; yet appellant, in his brief, repeatedly misstates this testimony and says that the officer testified that ''the body of the wife was colder than

that of the husband". Of course, this circumstance supports the conclusion of the trial court, and as above indicated, there are other circumstances of like import. When circumstances are shown, as to a fact solely within the province of the trial court to determine, and it has observed the demeanor of the witnesses on the stand and their manner of testifying, it cannot be said upon the whole record upon appeal that its conclusion was unfounded or contrary to the code presumption, which latter assumes the nonexistence of direct or circumstantial evidence.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1934.